**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

JOVARIS LASTER,
     Plaintiff,

v.

JEROME COMBS DETENTION
CENTER, *et al.*,
     Defendants.

Case No. 2:25-cv-02021-JEH

**Order**

     Plaintiff Jovaris Laster, proceeding *pro se* and detained at the Jerome Combs Detention Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

     Plaintiff files suit against the Jerome Combs Detention Center ("JCDC") and Jerome Combs Medical Department Staff. When Plaintiff entered the JCDC on July 19, 2024, correctional officer Blanchette moved him to housing unit Flex A, Cell 1.

Plaintiff alleges that he told Blanchette he had epilepsy and a medical permit for a bottom bunk, but Blanchette told Plaintiff he had to use the top bunk because another inmate was already assigned the bottom bunk.

Plaintiff also alleges he did not receive his morning dose of his seizure medication on July 21, 2024. Plaintiff informed a correctional officer, who said he would call the nurse. Although it was only 10:30 or 11:00 a.m., the nurse allegedly refused to give Plaintiff his medication because it would "overlap with [his] day meds." *Id.* at p. 5. Later that day, Plaintiff alleges he had an epileptic seizure, fell off the top bunk onto the floor, and hit the right side of his head.

As a detainee, Plaintiff's claims arise under the Due Process Clause of the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (detainees entitled to adequate medical care). To establish a Fourteenth Amendment violation, a detainee must show: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted).

Based on Plaintiff's allegations, the Court finds that he has stated a plausible Fourteenth Amendment deliberate indifference claim against (1) correctional officer Blanchette for allegedly assigning Plaintiff to the top bunk on July 19, 2024, despite knowing that Plaintiff had epilepsy and a medical permit for a bottom bunk, and (2) the unidentified nurse who allegedly refused to give Plaintiff his morning dose of seizure medication on July 21, 2024. The Clerk is directed to add correctional officer Blanchette and nurse Jane Doe as Defendants. Plaintiff is

advised that a Doe Defendant cannot be served, and he is responsible for identifying nurse Jane Doe.

Plaintiff did not include allegations against other medical staff members in his Complaint. Therefore, Defendant Jerome Combs Medical Department Staff is dismissed without prejudice. Plaintiff also named the JCDC as a Defendant, but a jail is not a "person" amenable to suit under § 1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir. 2001); *see also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) (Sangamon County Jail is not a person that may be sued under § 1983). The JCDC is dismissed with prejudice.

Finally, Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Demonstrating a reasonable attempt to obtain counsel "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey,* 987 F.3d 667, 682 (7th Cir. 2021) (citing *Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017)). Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Therefore, Plaintiff's motion is denied. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel and list attorneys or law firms he contacted and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment deliberate

indifference claim against (1) Defendant Blanchette for allegedly assigning Plaintiff to the top bunk on July 19, 2024, despite knowing that Plaintiff had epilepsy and a medical permit for a bottom bunk, and (2) Defendant Jane Doe for allegedly refusing to give Plaintiff his morning dose of seizure medication on July 21, 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)    The Clerk is directed to ADD Blanchette (Correctional Officer) and Jane Doe (Nurse) as Defendants.

3)    Plaintiff is advised that an unidentified Doe Defendant cannot be served. As a result, the Sheriff of Kankakee County, Michael Downey, will be named as a Defendant, in his official capacity only, for the sole purpose of assisting Plaintiff in the identification of Defendant Jane Doe. The Clerk is directed to ADD Sheriff Downey as a Defendant. After Defendant Jane Doe has been identified, the Sheriff may move to be dismissed. Plaintiff is placed on notice that it is his responsibility, through initial disclosures and discovery, to identify Defendant Jane Doe. The failure to do so will result in her dismissal without prejudice.

4)    Defendant Jerome Combs Medical Department Staff is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Defendant Jerome Combs Detention Center is DISMISSED WITH PREJUDICE. The Clerk is directed to TERMINATE these Defendants.

5)    Plaintiff's Motion to Request Counsel [5] is DENIED.

6)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as

4

premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

7)     The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8)     Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

9)     If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10)     This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive

electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11)    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13)    Plaintiff shall be provided a copy of all pertinent medical records upon request.

14)    Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

15)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: February 11, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge